PITTSFIELD NATIONAL BANK

*vs.*

VERA M. DYER AND ROYAL INSURANCE COMPANY, L't'd, Trustee.

SAME

*vs.*

VERA M. DYER AND ATLAS ASSURANCE COMPANY, L't'd, Trustee.

SAME

*vs.*

VERA M. DYER AND NIAGARA FIRE INSURANCE COMPANY, Trustee.

Somerset.     Opinion October 21, 1926.

*In order to establish a lien upon an insurance policy or its proceeds under R. S., Chap. 53, Sec. 69, a mortgagee must show conformity to the statute which creates the lien.*

*A mortgagee whose lien has not taken effect for want of sufficient notice cannot successfully invoke R. S., Chap. 53, Sec. 72 as against another who has established his lien in the manner provided by law.*

Letters which do not, except inferentially, name the mortgagor; do not give the date of the mortgages nor state when, where or whether they are recorded, nor give any information as to the location of the mortgaged premises, nor correctly state the amount remaining unpaid, do not conform to the statute which requires such notice to "describe the mortgage, the estate conveyed thereby and the sum remaining unpaid thereon."

When a mortgagee's lien upon the proceeds of an insurance policy is established and has taken effect, if the sum due and payable upon the mortgage debt at the beginning of the suit exceeds the lien, judgment should be rendered for such sum.

When, however, no part of the debt had matured at the date of the writ, judgment must be limited to "what is found due from said (insurance) company," not exceeding of course the total amount of the principal defendant's obligation.

To advance by enactment subsequent to its date the time of payment fixed by a contract would impair its obligation. Not so, however, where the statutory enactment precedes the making of the contract. The statute reads itself into the contract and becomes a part of it.

A trustee is chargeable with interest whenever he receives interest, or when he has expressly promised to pay interest, but not when it is recoverable simply as damages.

On report on an agreed statement. Three actions brought by plaintiff on certain notes secured by a mortgage on real estate to establish a lien on three policies of insurance or the proceeds thereof which had been placed on the buildings on said real estate by the three insurance companies, trustees in these actions, the buildings having been destroyed by fire on February 14, 1925. The principal defendant, Vera M. Dyer, prior to the date of the mortgage given to plaintiff had given two mortgages on the same real estate to the Dominion Fertilizer Company, L't'd, intervenor in the actions, contending that it had prior liens on the policies. The question involved was as to whether the intervenor had established its liens on the policies or their proceeds, under R. S., Chap. 53, Sec. 69. Plaintiff recovered judgment in each action.

The case fully appears in the opinion.

*Harry R. Coolidge,* for plaintiff.

*William H. Gulliver and Gower & Shumway,* for Trustees.

*Gower & Shumway and Wilfred I. Butterfield,* for Dominion Fertilizer Company, L't'd.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ., MORRILL, A. R. J.

DEASY, J. These are three actions at law brought by the same plaintiff against the same principal defendant to recover upon the same promissory notes. Three insurance companies are summoned

as trustees, one in each case. Except as otherwise indicated the facts in all the cases are the same and the principles of law identical. For brevity we are treating the first case as if it were the only one. The others abide the result.

By virtue of R. S., Chap. 53, Sec. 69, a mortgagee has a lien upon insurance policies covering the mortgaged property. The lien is made to "take effect" when a statutory written notice is filed with the insurance company. If the mortgagor does not consent that the sum secured by the policy be paid to the mortgagee the lien may be enforced by trustee process brought within sixty days after a loss. Section 70.

It is not disputed that the plaintiff bank held a mortgage covering buildings situated in Palmyra, Maine, owned by Vera M. Dyer the principal defendant, that the buildings were insured by the company joined herein as trustee, that such buildings were destroyed by fire, that proof of loss was duly made and filed, that the plaintiff gave the notice required by statute to make its lien effectual and that within sixty days after the loss it began this trustee process to enforce it.

This is all that the law requires to establish and enforce a lien.

But the Dominion Fertilizer Company, Ltd., intervenes claiming and showing that it holds two mortgages upon the same buildings, both mortgages ante-dating that of the plaintiff, and that it also in writing notified the insurance company of its claims and mortgages. The Fertilizer Company did not bring a trustee process but somewhat more than sixty days after the loss filed with the insurance company the mortgagor's written consent that the sum secured by the policy be paid to it, the Fertilizer Company. There is no contention as between the plaintiff and the principal defendant or trustee. The controversy is wholly between the plaintiff and the intervenor.

The Fertilizer Company contends that it has a lien upon the sum due from the insurance company, which lien is paramount to that of the plaintiff. The plaintiff, on the other hand, says that the claim of the intervenor has not taken effect as a lien because the notice given by it to the insurer was not such a notice as the statute requires.

The notice which the statute prescribes is "a written notice briefly describing his mortgage, the estate conveyed thereby and the sum remaining unpaid thereon." R. S., Chap. 53, Sec. 69.

To show conformity to this requirement the Fertilizer Company presents two letters, as follows;

"March 16, 1925.

"Harold A. Fortington,
    Secretary, Royal Insurance Co.,
        85 Williams Street,
            New York City.

"Dear Sir:

You are hereby notified that the Dominion Fertilizer Company of Houlton, holds first mortgage on the premises of Earl and Vera Dyer which were insured by your company and which premises were destroyed by fire. The premises secured by the mortgage were the same that were burned and the amount due under two mortgages owned by the Dominion Fertilizer Company is approximately $5500. I will notify you of the exact amount as soon as I receive it from the Company.

"Kindly advise me when you expect to make payments on this and whether it will be necessary for me to take further steps.

Very truly yours,

WILFRED I. BUTTERFIELD."

B-O

"March 21, 1925.

"Harold A. Fortington, Secretary,
    Royal Insurance Company,
        85 Williams Street, New York.

"Dear Sir:

I wrote you on March 16th concerning certain mortgages which the Dominion Fertilizer Company hold against Vera M. Dyer and Earl H. Dyer. I understand that this premises were burned and that your company had insurance on same and I notified you on the sixteenth of March that we were the mortgagees and should expect payment as far your insurance would go to cover said mortgage. I have figured up the mortgages and unless there is some error there is due to date $4297.37.

Very truly yours,

WILFRED I. BUTTERFIELD,"

It is conceded that the signer of these letters was duly authorized and that they were sent to and received by the proper officer or agent of the Insurance Company at about the dates specified.

The sufficiency of the notice is not questioned by the insurance company. It is, however, not the insurer but the statutory requirement that must be satisfied. In order to establish a lien the intervenor must show conformity to the statute which creates the lien. *Knowlton* v. *Black*, 102 Maine, 504.

The letters relied upon state that the Dominion Fertilizer Company holds and owns two mortgages upon the buildings insured, but the letters do not, except inferentially, name the mortgagor. They do not give the date of the mortgages nor state when, where or whether they are recorded, nor give any information as to the location of the mortgaged premises. The first letter approximates and the second (inadvertently no doubt) over-states the amount remaining unpaid.

The letters may have given to the insurance company all the information required for its purposes but it would be loose construction indeed to hold that they "describe the mortgage, the estate conveyed thereby and the sum remaining unpaid thereon."

The intervenor having established no effectual lien, it is not necessary to consider the alleged unseasonableness of the mortgagor's consent. The plaintiff's established lien can hardly be defeated by the mortgagor's consent that the funds held by the lien be paid to the intervenor who has no effective lien.

A mortgagee whose lien has not taken effect cannot successfully invoke R. S., Chap. 53, Sec. 72 as against another who has established his lien in the manner provided by law.

Another point remains to be considered. The suit is brought upon certain promissory notes neither of which had by its terms matured at the date of the writ.

The statute, however, provides that "judgment may be rendered for what is found due from said company upon the policy, notwithstanding the time of payment of the whole sum secured by the mortgage has not arrived." R. S., Chap. 53, Sec. 70. If the sum due and payable upon the debt at the beginning of the suit exceeded the lien, judgment would be rendered for such sum. In this case, however, no part had matured at the date of the writ. Judgment must therefore be limited to "what is found due from said company," not exceeding of course the amount of the principal defendant's

obligation. There is no controversy about this amount. The principal defendant's total obligation exceeds the sum for which all the trustees are chargeable. The balance of the mortgage debt must remain to be enforced if necessary by proper process at maturity.

To advance by enactment subsequent to its date the time of payment fixed by a contract would impair its obligation. *Randolph* v. *Middleton*, 26 N. J. Eq., 546, 12 C. J. 1059.

Not so, however, where, as in this case, the statutory enactment precedes the making of the notes. The statute reads itself into the contract and becomes part of it. *Corbin* v. *Houlehan*, 100 Maine, 259; *Phinney* v. *Phinney*, 81 Maine, 450.

The trustee is chargeable for the amount disclosed, without interest. "A trustee is chargeable with interest whenever he receives interest or when he has expressly promised to pay interest, but not when it is recoverable simply as damages." *Abbott* v. *Stinchfield*, 71 Maine, 214, and cases cited.

In this case the trustee is not shown to have promised to pay or to have actually received interest.

In No. 1227, *Pittsfield National Bank* v. *Vera M. Dyer and Royal Insurance Company, Ltd., Trustee.* Trustee charged for $2000.

*Judgment for plaintiff for $2000.*

In No. 1228, *Pittsfield National Bank* v. *Vera M. Dyer and Atlas Assurance Company, Ltd., Trustee.* Trustee charged for $1100.

*Judgment for plaintiff for $1100.*

In No. 1229, *Pittsfield National Bank* v. *Vera M. Dyer and Niagara Fire Insurance Company, Trustee.* Trustee charged for $1100.

*Judgment for plaintiff for $1100.*